**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI SOUTHERN DIVISION**

| | | |
|---|---|---|
| MICHELLE WOODBURY,<br><br>Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO,<br>Commissioner of Social Security,<br><br>Defendant. | ) | No. 5:25-CV-006107-DGK-SSA |

**ORDER AFFIRMING THE COMMISSIONER'S DECISION**

This case arises from the Commissioner of Social Security's ("the Commissioner") denial of Plaintiff Michelle Woodbury's application for supplemental security income ("SSI") under Title XVI of the Act, 42 U.S.C. §§ 1381–1385. The Administrative Law Judge ("ALJ") found Plaintiff had certain severe impairments, including degenerative disc disease, fibromyalgia, neuropathy, depressive disorder, generalized anxiety disorder, and posttraumatic stress disorder, but she retained the residual functional capacity ("RFC") to perform unskilled sedentary work with certain limitations, including work as an egg processor, wire patcher, and lens inserter.

After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. The Commissioner's decision is AFFIRMED.

**Procedural and Factual Background**

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff applied for SSI on October 13, 2022, alleging a disability onset date of August 19, 2022. The Commissioner denied the application at the initial claim level and upon reconsideration,

and Plaintiff appealed to an ALJ. After holding a hearing, the ALJ found Plaintiff was not disabled. The Appeals Council denied Plaintiff's review request on April 29, 2025, leaving the ALJ's decision as the Commissioner's final decision. Judicial review is now appropriate under 42 U.S.C. § 405(g).

## Standard of Review

The Court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole and whether the ALJ committed any legal errors. *Igo v. Colvin*, 839 F.3d 724, 728 (8th Cir. 2016). Substantial evidence is less than a preponderance but is enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the Court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The Court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015); *see Biestek v. Berryhill*, 139 S. Ct. 1148, 1157 (2019) (noting the substantial evidence standard of review "defers to the presiding ALJ, who has seen the hearing up close"). The Court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).

## Discussion

The Commissioner follows a five-step sequential evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) [her] impairments, alone or combined, are medically severe; (3) [her] severe impairments meet or medically equal a listed impairment; (4) [her] residual functional capacity precludes [her] past relevant work; and (5) [her] residual functional capacity permits an adjustment to any other work. The evaluation process ends if a

medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A).

Here, Plaintiff argues the ALJ did not comply with 20 C.F.R. § 404.1520c(b) and Social Security Rule 96-8p, because he failed to consider the opinion of pain management physician Dr. Roger Misasi when determining Plaintiff's residual functioning capacity ("RFC").[2]

Plaintiff's argument fails. The ALJ's decision was based on the relevant medical evidence in the record as a whole, and he articulated the persuasiveness of that evidence in his opinion. ALJs "articulate . . . how persuasive [they] find all of the medical opinions . . . in [the] case record." 20 C.F.R. § 404.1520c(b). They must "explain how they considered the supportability and consistency factors for a medical source's medical opinions." *Id.* § 404.1520c(b)(2). "[F]ailure to comply with SSA regulations . . . is legal error . . . [and is] not harmless [if the court] cannot determine whether the ALJ would have reached the same decision denying benefits, even if he had followed the proper procedure for considering and explaining the value of [a medical] opinion." *Lucus v. Saul*, 960 F.3d 1066, 1070 (8th Cir. 2020) (citations, internal quotation marks, and alteration omitted).

Dr. Misasi's medical opinion was given on April 27, 2021, after Plaintiff's previous disability claim was initially denied (November 20, 2020) and before it was denied upon reconsideration (July 27, 2021). When her previous claim was denied, Plaintiff requested a hearing

---

determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. §§ 404.1520(a)–(g). Through Step Four of the analysis the claimant bears the burden of showing that she is disabled. After the analysis reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

[2] Plaintiff's opening brief makes a second argument, but, in light of the Court's rejection of nearly identical arguments in *Johnson v. Dudek*, No. 4:24-CV-00125-DGK-SSA, 2025 WL 615406 (W.D. Mo. Feb. 26, 2025) and *Mendez v. Comm'r of Soc. Sec.*, No. 4:24-CV-00811-DGK-SSA, 2025 WL 3765943 (W.D. Mo. Dec. 30, 2025), Plaintiff abandons that argument in her reply. Accordingly, the Court addresses only Plaintiff's first argument and commends Plaintiff for her candor.

before an ALJ. That hearing was held February 16, 2022, and Plaintiff received an unfavorable decision on April 18, 2022. Plaintiff's alleged onset of disability in this case is one day later, April 19, 2022.

Assuming without deciding that the ALJ in this case was required to articulate the persuasiveness of Dr. Misasi's April 27, 2021, opinion, the Court finds his failure to do so was nothing more than harmless error,[3] because the Court can easily determine that the ALJ would have come to the same decision denying benefits had he considered and explained the value of Dr. Misasi's opinion. The ALJ considered the prior administrative medical findings of Dr. Nancy Ceaser and Dr. Paul Ross. These findings, in turn, had considered Dr. Misasi's April 27, 2021, medical opinion and determined that its recommendations were confined to the incident Dr. Misasi evaluated at the time and no longer applied, R. at 86 (Dr. Ceasar), 99–100 (Dr. Ross). R. at 24–25. The ALJ found these findings to be persuasive because they were supported by the evidence available to them at the time and consistent with the totality of the evidence before the ALJ. R. at 25. The ALJ thus accounted for the substance of Dr. Misasi's April 27, 2021, medical recommendations through Dr. Ceasar's and Dr. Ross's explicit treatment of it, and a specific articulation of its persuasiveness would not have changed the ALJ's decision. Moreover, the ALJ carefully evaluated the totality of the medical evidence, and his RFC finding is supported by substantial evidence such that, again, a specific analysis of Dr. Misasi's limited recommendations would not have changed the ALJ's decision. *See, e.g.*, R. at 20–21, 23, 399, 410, 528–34, 546, 600–02, 605–06, 612–13, 616–17, 622–23, 627–28, 632–33, 859–60.

[3] Dr. Misasi recommended Plaintiff "Rest, rest with legs elevated, limit flexion activities, LSO bracing, log roll out of bed, no overhead lifting, no lifting over 10 pounds, no repeat bending action." R. at 86. In Plaintiff's previous disability application, the ALJ found Dr. Misasi's similar recommendations from September 10, 2020, and November 5, 2020, (recommending Plaintiff "should limit her flexion activities, engage in no overhead lifting, never lift greater than ten pounds, and never repetitively bend") to be persuasive but still determined Plaintiff was not disabled. R. 70, 74. Plaintiff did not appeal that decision.

## Conclusion

For the reasons discussed above, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date: August 14, 2026

/s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT